**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JAMES A.R. JONES, | : | Case No. 2:25-cv-1378 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| WARDEN, BELMONT CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

On November 24, 2025, Petitioner filed the instant 28 U.S.C. § 2254 petition for habeas corpus relief, relating to Muskingum County Common Pleas Court Case No. CR2022-0201.  (Doc. 1).  On November 25, 2025, a Notice of Deficiency was issued, directing Petitioner to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.  (Doc. 2).

Instead of responding to the Notice of Deficiency, Petitioner filed a new habeas corpus action, relating to the same criminal case, in which he has paid the filing fee and in which the Court has issued an Order for Answer.  *See Jones v. Warden*, Case No. 2:26-cv-222 (S.D. Ohio).  A review of the petition in that case (Case No. 2:26-cv-222 (Doc. 1)) reveals that the petitions are essentially the same, with Petitioner omitting one ground for relief and updating the procedural history of the case.

As Petitioner has not responded to the Notice of Deficiency in this case but has instead opted to proceed in new Case No. 2:26-cv-222, it is **RECOMMENDED** that the instant case (No. 2:25-cv-1378) be **DISMISSED** for failure to prosecute and as duplicative.  *See Link v. Wabash*

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

*R.R.*, 370 U.S. 626, 630–631 (1962) ("District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Davis v. United States Parole Comm'n,* No. 88-5905, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district courts may dismiss nearly identical habeas petitions as duplicative).  Petitioner may seek to amend the petition in Case No. 2:26-cv-222 to include the omitted ground for relief if he so chooses.

**IT IS SO RECOMMENDED.**

March 11, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).